Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
Nathan B. Sabri, Bar No. 252216
NSabri@perkinscoie.com
Robin L. Brewer, Bar No. 253686
RBrewer@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Veronica S. Ascarrunz (*pro hac vice* forthcoming)
VAscarrunz@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

*Attorneys for Plaintiffs Meta Platforms, Inc.*
*and Meta Platforms Technologies, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| META PLATFORMS, INC. and META PLATFORMS TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INGENIOSPEC LLC,<br><br>Defendant. | Case No. 3:24-cv-07915<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NOS. 10,310,296 AND 12,078,870**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiffs Meta Platforms, Inc. and Meta Platforms Technologies, LLC (collectively,

2 "Meta") hereby allege for their Complaint against defendant IngenioSpec, LLC ("IngenioSpec")

3 as follows:

4          **INTRODUCTION**

5    1.   This is an action for declaratory judgment of noninfringement of U.S. Patent Nos.

6 10,310,296 ("the '296 patent") and 12,078,870 ("the '870 patent") (collectively, "the Declaratory

7 Judgment Patents," attached as Exhibits 1-2, respectively) arising under the Declaratory Judgment

8 Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

9    2.   Meta requests declaratory relief because IngenioSpec alleges that Meta infringes

10 the Declaratory Judgment Patents. On October 9, 2024, IngenioSpec filed a Complaint against

11 Meta with the U.S. International Trade Commission ("ITC"), 337-TA-3777[1], alleging

12 infringement of claims 1-15, 17, 18, 20, 21, 23-25, 28-35, and 37 of the '296 patent, claims 36,

13 43-53, 55-67, and 69-72 of the '870 patent, and claims 27-48 of U.S. Patent No. 11,762,224 ("the

14 '224 patent"). In the ITC Complaint, among other claims, IngenioSpec accuses Meta's Quest 3

15 and Quest 3S products of infringing the '296 and '870 patents. A true and correct copy of the

16 IngenioSpec Complaint is attached as Exhibit 3.

17    3.   Meta disputes IngenioSpec's allegations of infringement, and as a result of

18 IngenioSpec's filing of a Complaint with the ITC, Meta is under reasonable apprehension of a

19 suit in district court by IngenioSpec.

20    4.   An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202

21 between Meta and IngenioSpec as to whether the Declaratory Judgment Patents are infringed by

22 Meta's Quest 3 and Quest 3S products (collectively "the Meta Quest Products").

23           **PARTIES**

24    5.   Plaintiffs Meta Platforms, Inc. and Meta Platforms Technologies, LLC are

25 technology companies incorporated under the laws of Delaware, with their principal place of

26 business at 1 Meta Way, Menlo Park, California 94025, and 1601 Willow Road, Menlo Park, CA

27

28 
[1] 337-TA-3777 reflects the docket number assigned by the ITC upon filing. The ITC will assign an investigation number if and when it institutes an Investigation.

94025, respectively.

6.      IngenioSpec has alleged that it is a limited liability company organized under the laws of California and that it has its principal place of business at 4010 Moorpark Avenue, Suite 211, San Jose, California 95129. Douglass Thomas and Peter Tong, co-founders of IngenioSpec, are attorneys and named inventors on the Declaratory Judgment Patents.

7.      IngenioSpec has alleged that it is the owner of the Declaratory Judgment Patents.

**JURISDICTION AND VENUE**

8.      This is an action for a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that the Meta Quest Products do not infringe any claim of the Declaratory Judgment Patents under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

9.      This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331 and 1338(a) because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States. *See* 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.      This Court has personal jurisdiction over IngenioSpec because IngenioSpec has established minimum contacts with this forum such that the exercise of jurisdiction over IngenioSpec will not offend traditional notions of fair play and substantial justice. On information and belief, IngenioSpec's principal place of business is located within the District. On information and belief, IngenioSpec has also been registered to do business in the State of California since at least September 25, 2012.

11.      Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) at least because IngenioSpec is subject to personal jurisdiction in this District, resides in this District, maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. IngenioSpec's co-founders and named inventors of the Declaratory Judgment Patents, Douglass Thomas and Peter Tong, who likely have information relevant to this case, also reside within this District.

12.      An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Meta and IngenioSpec as to whether the Meta Quest Products infringe the Declaratory

Judgment Patents. The controversy is immediate and substantial as reflected by IngenioSpec's Complaint filed before the ITC on October 9, 2024, 337-TA-3777, which asserts the Declaratory Judgment Patents against Meta.

## DIVISIONAL ASSIGNMENT

13.     Pursuant to Civil L.R. 3-2(c), 3-5(b), and General Order No. 44, this is an Intellectual Property Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

14.     Founded in 2004, Meta has grown over the last twenty years into a technology company that helps people connect and share through mobile devices, personal computers, virtual reality and mixed reality devices, and wearables. With a mission to build the future of human connection and the technology that makes it possible, Meta has built devices and services used by billions of users. Its family of apps (Facebook, Instagram, WhatsApp, and Messenger) are among the most widely used services in the world, fostering communities and enabling seamless communication. Meta's advanced consumer devices, like the Meta Quest devices, have pioneered immersive virtual reality experiences that enhance both personal and professional interactions. Meta has invested substantially in research and development to advance these technologies, transforming how people connect and engage digitally and pushing the frontier of the metaverse as a next-generation platform for social and economic activity.

15.     IngenioSpec is a non-practicing entity, which through its affiliate company, IpVenture, offers consultation to monetize patents and purports to hold patents related to electronic eyewear technology.[2] IngenioSpec's limited website promotes its ability to "create[], invest[] in, acquire[], and license[] innovative technologies and patents in the high-growth electronic eyewear market."[3]

16.     IngenioSpec's ITC Complaint alleges that the Meta Quest Products directly infringe the Declaratory Judgment Patents. *See, e.g.*, Exh. 3 ¶¶ 72-74 ("Meta imports, sells for importation, and/or sells within the United States after importation Accused Products [] that

---

[2] *See* https://www.ingeniospec.com/company; https://www.ipventure.com/services.
[3] *See* https://www.ingeniospec.com/company.

directly infringe, literally and/or under the doctrine of equivalents, [claims of the Declaratory Judgment Patents].").

17.     The Meta Quest Products do not infringe any claim of the Declaratory Judgment Patents, literally or under the doctrine of equivalents. As a nonlimiting example, IngenioSpec's patents are intended to cover eyewear with an "eyewear frame," that includes temples, bridges, and other traditional eyeglass structures. The '296 patent frequently describes embodiments where electrical components are integrated into the temples or bridge of "glasses," explicitly describing the invention's form factor as traditional eyewear designed to sit on a user's ears and nose. *See, e.g.*, '296 patent at 3:18-26, 5:13-23, 20:36-41. The '870 patent reinforces this understanding, highlighting an intent for the patented technology to retain the familiar and streamlined appearance of traditional glasses, not the headband and forehead-mounted structure of a virtual reality headset like the Meta Quest Products. *See, e.g.*, '870 patent at 6:17-27 ("The electrical components can provide electrical technology to eyewear (e.g., eyeglasses) without having to substantially compromise aesthetic design principles of the eyewear.").

18.     An actual and justiciable controversy exists between Meta and IngenioSpec regarding whether the Meta Quest Products directly or indirectly infringe any claim of the Declaratory Judgment Patents, either literally or under the doctrine of equivalents. A judicial declaration is necessary to determine the respective rights of the parties regarding the Declaratory Judgment Patents. Meta, therefore, seeks a judicial declaration that it does not directly or indirectly infringe any claim of the Declaratory Judgment Patents, literally or under the doctrine of equivalents.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 10,310,296)

19.     Meta repeats and realleges each allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

20.     IngenioSpec alleges in 337-TA-3777 that Meta infringes one or more claims of the '296 patent.

21.     Meta does not directly or indirectly infringe any claim of the '296 patent, literally

1    or under the doctrine of equivalents, by making, using, offering to sell, selling, or importing into

2    the United States the Meta Quest Products.

3        22.    No third party infringes any claim of the '296 Patent by using a Meta product or

4    service. Meta has not caused, directed, requested, or facilitated any such infringement, much less

5    with specific intent to do so. The Meta Quest Products are not designed for use in any

6    combination that infringes any claim of the '296 Patent. To the contrary, each has substantial uses

7    that do not infringe any claim of the '296 Patent.

8        23.    An actual and justiciable controversy has arisen and exists between Meta and

9    IngenioSpec. A judicial determination and declaration that the Meta Quest Products have not

10   infringed and do not infringe any claim of the '296 patent is necessary and appropriate at this time

11   in order for the parties to ascertain their respective rights and duties regarding the '296 patent.

12                            **<u>SECOND CLAIM FOR RELIEF</u>**

13              **(Declaratory Judgment of Noninfringement of U.S. Patent No. 12,078,870)**

14       24.    Meta repeats and realleges each allegation set forth in paragraphs 1 through 23

15   above as if fully set forth herein.

16       25.    IngenioSpec alleges in 337-TA-3777 that Meta infringes one or more claims of the

17   '870 patent.

18       26.    Meta does not directly or indirectly infringe any claim of the '870 patent, literally

19   or under the doctrine of equivalents, by making, using, offering to sell, selling, or importing into

20   the United States the Meta Quest Products.

21       27.    No third party infringes any claim of the '870 Patent by using a Meta product or

22   service. Meta has not caused, directed, requested, or facilitated any such infringement, much less

23   with specific intent to do so. The Meta Quest Products are not designed for use in any

24   combination that infringes any claim of the '870 Patent. To the contrary, each has substantial uses

25   that do not infringe any claim of the '870 Patent.

26       28.    An actual and justiciable controversy has arisen and exists between Meta and

27   IngenioSpec. A judicial determination and declaration that the Meta Quest Products have not

28   infringed and do not infringe any claim of the '870 patent is necessary and appropriate at this time

in order for the parties to ascertain their respective rights and duties regarding the '870 patent.

## PRAYER FOR RELIEF

WHEREFORE, Meta requests that the Court enter judgment in its favor and against IngenioSpec as follows:

A.     Declaring that Meta has not infringed, directly or indirectly, literally or by equivalents, any claim of the Declaratory Judgment Patents;

B.     Declaring that judgment be entered in favor of Meta and against IngenioSpec;

C.     Enjoining IngenioSpec, its agents, and all persons acting in concert or participation with it, from claiming that Meta infringes the Declaratory Judgment Patents;

D.     Awarding Meta its costs and attorneys' fees in connection with this action; and

E.     Awarding Meta such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6(a), Meta hereby respectfully demands a jury trial on all issues triable by a jury.

Dated:  November 12, 2024                          **PERKINS COIE LLP**


By:  */s/ Sarah E. Piepmeier*
      Sarah E. Piepmeier


*Attorney for Plaintiffs Meta Platforms, Inc. and Meta Platforms Technologies, LLC*